The order below is hereby signed.

Signed: December 30 2024

*Elizabeth L. Gunn*
U.S. Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 23-00246-ELG |
| **MP PPH LLC,**<br>**Debtor.** | Chapter 11 |

## ORDER ON EMERGENCY MOTION AND EXTENDING CLOSING DATE

Since its inception, the Debtor's case has been focused on the sale of its real property to enable a new owner to rehabilitate, renovate, and operate the assets. In September 2024, the Court entered its *Agreed Order Confirming Debtor's Plan of Liquidation* (ECF No. 721) (the "Confirmation Order"), confirming the Debtor's *Fourth Revised Plan of Liquidation* (ECF 667) (the "Plan"), including a sale free and clear of the property to Clear Investment Group LLC ("Clear"). Moreover, the Plan and Confirmation Order represented a global resolution of motions and objections of the Official Committee of Unsecured Creditors (the "Committee"), the Ad Hoc Committee of Tenant Creditors (the "Ad Hoc Committee"), the District of Columbia, and District of Columbia Water and Sewer.[1]

---

[1] The statement of facts contained herein is intended solely to be a brief summary of status. Nothing herein is intended to modify or alter the previous orders of the Court. To the extent the summary differs from previous orders, those orders shall control.

1

Although the sale was approved in September 2024, as of December 27, 2024 it had not yet closed and the Committee filed the the *Emergency Motion of the Official Committee of Unsecured Creditors for an Order to (I) Enforce the Terms of the Plan and Confirmation Order and (II) Bar the Debtor from Closing on the Sale of its Property on Terms Other than the Terms and Conditions of the Plan and Confirmation Order* (ECF No. 778) (the "Motion"). The Motion was joined by the Ad Hoc Committee and TK Elevator Corporation, and opposed by Clear, Arbor Realty SR, Inc., and the Debtor. In the Motion, the Committee asked the Court to delay closing of the sale pending resolution of the question of the timing of payment of Allowed Administrative Expense Claims as set forth Plan Section IV.B.1. and the payment of Professional Fee Claims as of the Effective Date as required by paragraph 28 (the first)[2] in the Confirmation Order. The Court held a hearing on the Motion on December 30, 2024, at 11:00 a.m. (the "Hearing").

As of the Hearing, the Allowed Administrative Expense Claims (as defined in the Plan) in the Debtor's case are: (a) Stinson LLP ("Stinson") - $1,545,123.90 (ECF No. 764); (b) Nixon Peabody LLP ("Nixon") - $257,253.40 (ECF No. 772); (c) Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") - $455,670.00 (ECF No. 756); (d) Marcus & Millichap ("M&M") - $588,000.00 (ECF No. 48); and (e) ProService Environmental LLC's ("ProService") agreed partial payment - $550,000.00 (ECF No. 771). Of these Allowed Administrative Expense Claims, (a) through (d) are also Professional Fee Claims as defined by the Confirmation Order. As part of the negotiated settlement in the Confirmation Order, the Debtor is required at closing of the sale to fund the Plan Settlement Payment of $1,350,000. *See* ECF No. 721, ¶ C. Finally, the Debtor anticipates that (x) it will also owe fees to the Office of the United States Trustee for the fourth quarter of 2024 in the statutory maximum amount of $250,000 ("U.S. Trustee Fees"); (y) that additional Professional

---

[2] There are two paragraphs numbered 28 in the Confirmation Order, the relevant paragraph is the first of the 28's.

2

Fee Claims will be filed by William L. Slover, Jr., as Limited Receiver of MP PPH, LLC and Raddatz & Associates, LLC; and (z) there may be significant other applications for administrative expense claims. Even providing for the expected $3,000,000 contribution from "an individual or entity possessing sufficient financial resources," when combined with the expected proceeds of sale, the total would be insufficient to pay allowed Professional Fee Claims and Allowed Administrative Expense Claims in full on a closing date of December 30, 2024.

At the Hearing, three of the Professional Fee Claimants agreed to defer payment on their claims (i.e., both their Professional Fee Claims and Allowed Administrative Claims) until a future date. These deferrals thereby reduced the total amount due at closing to include the Professional Fee Claim of Pillsbury, the agreed partial payment to ProService, and the Plan Settlement Payment. As a result of the deferral, the Debtor's projected funds are sufficient to pay the agreed non-deferred claims at closing, and to reserve $250,000 to pay the U.S. Trustee Fees when due. The deferral allows for the sale of the property to close, ownership thereof to transfer to Clear and as a result, the tenants are set to receive both the benefit of the Plan Settlement Payment and Clear's ownership with the additional funding and ability to rehabilitate the property properly. The deferral is without prejudice to any rights of any of the deferring parties as to their Professional Fee Claims or Allowed Administrative Claims, and specifically is limited to the agreement to defer payment on the Plan's Effective Date as required by Plan Section IV.B.1. and Confirmation Order Paragraph 28 (the first).

Due to the Hearing being held on December 30, 2024 and the relief granted herein, the Court finds cause to extend (i) the Closing Date as set forth in Section 4(f) of the Property Settlement Agreement (the "PSA") between the Debtor and Clear; (ii) the requirement for the Effective Date of the Plan to occur by the extended deadline December 30, 2024; (iii) the

3

requirement to close by December 30, 2024 found in the *Agreed Order to Amend Purchase and Sale Agreement and to Extend and Set Closing Date for Sale* (ECF No. 767); and (iv) the requirement to close by December 30, 2024 found in the *Agreed Interim Order for Partial Payment to ProService Environmental LLC at Sale Closing* (ECF No. 771) through and including December 31, 2024.

Therefore, upon review of the pleadings filed, the arguments of counsel at the Hearing, the agreed deferrals by Stinson, Nixon, and M&M, and for the reasons set forth herein as supplemented on the record at the Hearing, the Court hereby **ORDERS**, **ADJUDGES**, and **DECREES** that:

1. The Motion is **DENIED** as moot. The sale of the property to Clear may close and the Effective Date occur notwithstanding the non-payment of the Professional Fee Claims/Allowed Administrative Claims of Stinson, Nixon, and M&M, which are deferred by consent of the parties to such different treatment.

2. No Professional Fee Claim or Allowed Administrative Claim shall be paid from the Plan Settlement Payment unless such funds become unrestricted Liquidating Trust Assets as set forth in Paragraph 15 of the Confirmation Order.

3. Except as specifically set forth herein, no other terms and conditions of the Plan or any other Order of this Court are modified.

4. The Closing Date as set forth in Section 4(f) of the PSA is hereby amended to December 31, 2024.

5. The requirement for the Effective Date of the Plan, described in Paragraph 28 of the Confirmation Order, is extended to December 31, 2024.

6. The requirement to close by December 30, 2024 found in the *Agreed Order to Amend Purchase and Sale Agreement and to Extend and Set Closing Date for Sale* (ECF No. 767)

4

is extended to December 31, 2024.

      7.      The requirement to close by December 30, 2024 found in the *Agreed Interim Order for Partial Payment to ProService Environmental LLC at Sale Closing* (ECF No. 771) is extended through December 31, 2024.

      8.      The Court reserves jurisdiction to hear any additional disputes, disagreements, or other matters arising from or relating to this Order.

[Signed and dated above.]

Copies to: Debtor; recipients of electronic noticing.